OPINION ON REHEARING



**ATTORNEYS FOR APPELLANTS**

Andrew L. Teel
Daniel J. Skekloff
Sarah L. Schreiber
Haller & Colvin, P.C.
Fort Wayne, Indiana

**ATTORNEYS FOR APPELLEE**

Scott E. Shockley
James R. Williams
Christopher L. Bills
Nicholas M. Tokar
Michael L. Wilhelm
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

R. Kinsey Brooks, Susan K. Brooks,

*Appellants-Defendants,*

v.

Bank of Geneva,

*Appellee-Plaintiff.*

June 15, 2018

Court of Appeals Case No. 01A05-1709-MF-2174

Appeal from the Adams Circuit Court

The Honorable Chad E. Kukelhan, Judge

Trial Court Cause No. 01C01-1605-MF-16

**Barnes, Judge.**

[1] Bank of Geneva ("the Bank") petitions for rehearing following our decision in *Brooks v. Bank of Geneva*, No. 01A05-1709-MF-2174 (Ind. Ct. App. Mar. 21, 2018). We issue this opinion on rehearing but reaffirm our original decision in all respects.

The Bank contends that we should not have stated in the last sentence of the opinion, "The Brookses' claim for abuse of process remains pending." *Id.*, slip op. at 13. The Bank asserts that the trial court granted summary judgment on this claim and that the Brookses made no argument on appeal regarding this claim. We have re-reviewed the record on appeal and the trial court's summary judgment order. We first note that the Bank's motion for partial summary judgment only sought a judgment of foreclosure and in rem damages against the Brookses; it was completely silent regarding the Brookses' counterclaim for abuse of process.[1] The trial court's summary judgment order does contain some "findings" that appear to reject the abuse of process counterclaim, but there is no express judgment against the Brookses on the counterclaim. Rather, the judgment is purely a decree of foreclosure against the Brookses' property. When summary judgment is only partially granted, "The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts." Ind. Trial Rule 56(C). It is not clear to us that the trial court's summary judgment order fulfilled this requirement.

Moreover, the trial court stated in its order that "from the pleadings alone it is clear that Bank of Geneva is not pursuing any fraud claims against the Brooks and does not have an ulterior motive." App. Vol. III p. 110. Our review of the Bank's complaint indicates that, while it only made factual allegations against

---

[1] It appears the Bank's memorandum of law in support of partial summary judgment may have referenced the Brookses' abuse of process counterclaim, but that memorandum is not in the record before us.

the Summersetts on the fraud claims, it sought treble damages for fraud "against the Defendants" without distinguishing between the Brookses and the Summersetts. App. Vol. II p. 19. We believe the trial court's view of the complaint is incorrect. Given the relief actually requested in the Bank's motion for partial summary judgment and the language in the trial court's partial summary judgment order, some of which was incorrect, we adhere to the statement in our original opinion that the abuse of process counterclaim is still pending.

[4] We also briefly address the Bank's contention that there is a material question of fact regarding the release of the Summersetts' mortgage, noting there is a dispute as to whether the Summersetts actually paid off the loan that mortgage secured. For purposes of the Brookses' status as sureties, whether the loan was paid off is irrelevant. It was the undisputed fact of releasing the Summersetts' mortgage that caused the release of the Brookses' mortgage, not whether the underlying loan was actually paid off. The release exposed the Brookses and their property to much greater potential liability than they signed up for when they agreed to mortgage their land with the understanding that the Summersetts were mortgaging their land as well. As to the Bank's rehearing argument regarding the change in payment terms of the Summersett note from monthly to semi-annually, we have nothing further to add to what we said in our original opinion.

Najam, J., and Mathias, J., concur.